**Opinion issued July 19, 2012**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-12-00575-CR

―――――――――――――

## IN RE AUNDRI LEWIS, Relator

―――――――――――――

**Original Proceeding on Petition for Writ of Mandamus**

―――――――――――――

### MEMORANDUM OPINION

Relator, Aundri Lewis, has filed a pro se petition for writ of mandamus, contending that the trial court has abused its discretion in not ruling upon his Motion for Indigent Hearing, in which he sought to obtain a free copy of trial records, including the statement of facts, transcripts, and court reporter's notes.[*]

―――――――――――

[*] The underlying case is *State of Texas v. Aundri Lewis*, Cause Number 1024294, in 230th District Court of Harris County, Texas, Honorable Belinda Hill, presiding.

Lewis asserts that he filed this motion in the trial court on March 7, 2011.

Lewis's petition reflects that the motion about which he complains was filed for the purpose of obtaining relief from his final felony conviction for aggravated assault. *See Lewis v. State*, No. 01-05-00518-CR, 2006 WL 3751408 (Tex. App.—Houston [1st Dist.] Dec. 21, 2006, no pet.) (not designated for publication). The exclusive post-conviction remedy from final felony convictions is a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011). Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See id.*; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also Lewis v. State*, No. 01-11-00152-CR, 2011 WL 5623416 (Tex. App.—Houston [1st Dist.] Nov. 17, 2011, no pet.) (not designated for publication). Thus, this Court is without authority to grant the relief Lewis seeks. *See Bd. of Pardons & Paroles ex rel. Keene*, 910 S.W.2d at 483; *In re McAfee*, 53 S.W.3d at 717.

We dismiss the petition for writ of mandamus for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Brown.
Do not publish.   TEX. R. APP. P. 47.2(b).